UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Justin Russell,

      Plaintiff,

      v.                                                                            Civil Action No. 5:15-cv-126

Andrew Pallito, Cynthia Mason,
Richard Bilodeau, Lisa Menard,
Michael Touchette, Robert Arnell,

      Defendants.

**REPORT AND RECOMMENDATION**
(Doc. 183)

Plaintiff Justin Russell, a Muslim pretrial detainee under the supervision of the Vermont Department of Corrections (DOC), brings this action under 42 U.S.C. § 1983, on behalf of himself and a proposed class of Muslim prisoners, against Defendants former DOC Commissioner Andrew Pallito, Correctional Officers Cynthia Mason and Richard Bilodeau (Doc. 1), former DOC Commissioner Lisa Menard (Doc. 21), former DOC Commissioner Michael Touchette, and Correctional Facility Operations Manager Robert Arnell (Doc. 166 at 2, ¶¶ 5–6). Russell alleges that a DOC policy implemented by Pallito and continued by Menard, Touchette, and Arnell denied Russell and other class members of a diet conforming to the requirements of their Muslim faith, thereby infringing on their constitutional right to the free exercise of religion. (*Id.* at 4, ¶¶ 15–17; *id.* at 13, ¶¶ 66–69.)

Presently before the Court is Russell's Motion to Join Additional Plaintiff on Expedited Basis. (Doc. 183.) Specifically, Russell cites the possibility of his release from DOC custody in the near future.[1] Therefore, he seeks to join Mohamed Hussein, a fellow DOC inmate, as an additional named plaintiff in this suit "so as to avoid any problem with mootness with respect to the declaratory and injunctive relief that could otherwise be afforded to prospective class members." (*Id*. at 1.) He argues that permitting joinder will not unfairly prejudice Defendants because the claims remain the same and Defendants had previously indicated an interest in conducting further discovery. (*Id*. at 2; Doc. 183-2.) Russell further asserts that granting joinder would allow the parties' dispute over the DOC's halal/kosher dietary offering to be determined in the present litigation, thereby avoiding multiple lawsuits and conserving judicial resources. (Doc 183 at 2.) In support of his Motion, Russell attaches an affidavit from Mr. Hussein. (Doc. 183-1.)

Defendants have filed an Opposition to Russell's Motion, arguing that the Motion is untimely because it was filed well past the deadline imposed for joinder of parties by this Court's Discovery Schedule/Order. (Doc. 200 at 1.) Defendants also assert that Russell's stated reason for seeking joinder—"to avoid any problem with mootness" regarding his claims for classwide injunctive relief—is not persuasive because, to date, no class has been certified. (*Id*. at 2.) Although the Motion broadly states that Mr. Hussein supports Russell's allegations, Defendants argue

---

[1] On February 26, 2020, counsel filed a letter informing the Court that Russell was released from DOC custody on February 21, 2020. (Doc. 203.) Russell's release from DOC custody does not impact the Court's analysis.

2

that it fails to thoroughly discuss the requirements for joinder of plaintiffs under Federal Rule of Civil Procedure 20(a)(1) and that Russell cannot show commonality of a question of law or fact due to the inherently subject nature of his constitutional free exercise claim. (*Id*. at 2–3.) Finally, Defendants argue that joinder may cause jury confusion and would require the parties to restart discovery with a new plaintiff, causing further delay of this litigation. (*Id*. at 3.)

In his Reply, Russell contends that his Motion should not be considered untimely because the "discovery schedule is a dead letter." (Doc. 202 at 2.) For example, he observes, the Court permitted joinder of additional defendants pursuant to the filing of his Third Amended Complaint on July 18, 2019. (*Id*.; *see* Doc. 166-1.) Russell states that "Mr. Hussein's claims are the same as those advanced by Mr. Russell" and that the requirements for joinder of plaintiffs under Rule 20 are therefore met. (Doc. 202 at 2.) Finally, he avers that joinder should be granted because further discovery would be limited and, absent joinder, Mr. Hussein will likely bring a separate action involving the same claims. (*Id*. at 2, 3.)

For the reasons described below, I recommend that Russell's Motion to Join Additional Plaintiff (Doc. 183), be DENIED.

## Analysis

The Court begins its analysis by noting that Russell has not sought leave to amend the Complaint to add Mr. Hussein's allegations, nor did he attach a proposed Fourth Amended Complaint as required by Local Rule of Civil Procedure 15(a). *See also* Fed. R. Civ. P. 10(b) ("[E]ach claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ."). The Court will

3

nevertheless consider Russell's Motion under the relevant Federal Rules of Civil Procedure.

Under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave" for a party to amend its pleading "when justice so requires." But where, as here, a party seeks leave to amend after the deadline established in the scheduling order has passed, "the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order shall not be modified except upon a showing of good cause." *Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009) (internal quotation marks omitted); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("[T]he Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings."). "The same reasoning applies to a Rule 20 motion to join additional parties filed after the scheduling order's deadline." *Guadagno v. M.A. Mortenson Co.*, No. 1:15-CV-00482, 2018 WL 4870693, at *4 (W.D.N.Y. Oct. 2, 2018) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Bowling Green Recycling, LLC*, CIVIL ACTION NO. 1:15CV-00024-GNS, 2017 WL 1380469, at *2 (W.D. Ky. Apr. 13, 2017) ("[I]f the Court considered only Rule 19(a) or Rule 20(a) without regard to Rule 16(b), the Court would render the scheduling order meaningless and effectively would read Rule 16(b)(4) and its 'good cause' requirement out of the Federal Rules of Civil Procedure.")). Accordingly, before turning to the requirements for joinder under Rule 20, the Court must first assess whether Russell has demonstrated good cause under Rule 16(b).

4

The purpose of Rule 16 is "to offer a measure of certainty in pretrial proceedings, ensuring that at some point both the parties and the pleadings will be fixed." *Parker*, 204 F.3d at 340 (internal quotation marks omitted). Thus, a scheduling order may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The party requesting modification bears the burden of demonstrating good cause. *See Guadagno*, 2018 WL 4870693, at *5; *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198 (S.D.N.Y. 2014). To show good cause, the movant must demonstrate that he acted diligently, such that despite his efforts, "the applicable deadline could not have been reasonably met." *Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012); *see also Werking v. Andrews*, 526 F. App'x 94, 96 (2d Cir. 2013) (stating movant "is required to show good cause for [the] failure to propose the amendment earlier in the proceedings"). Generally, the movant has not shown good cause when the sought amendment relies on information "that the party knew, or should have known, in advance of the deadline." *King-Devick Test Inc. v. NYU Langone Hosps.*, No. 17-CV-9307 (JPO), 2019 WL 3071935, at *3 (S.D.N.Y. July 15, 2019) (internal quotation marks omitted).

While diligence is the primary consideration, the Court "also may consider other relevant factors," including whether an untimely amendment will prejudice the defendants. *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). In evaluating whether the untimely amendment will result in prejudice, "courts consider the stage of the proceedings at which an extension is sought, including whether discovery has been completed, whether dispositive motions have

5

been filed, and whether the case is otherwise ready for trial." *Sec. & Exch. Comm'n v. McGinnis*, Case No. 5:14–cv–6, 2014 WL 12717668, at *2 (D. Vt. Mar. 3, 2014). When the moving party fails to establish good cause, the Court has broad discretion to permit or deny leave to amend the pleadings after the deadline set in the scheduling order. *See Parker*, 204 F.3d at 340.

Under the operative scheduling order in this case, the deadline to join parties was July 14, 2017. (Doc. 118.) Russell's motion was filed over two years later—on October 16, 2019. (Doc. 183.) Although there have been subsequent modifications to some of the deadlines in the scheduling order (Docs. 120, 127),[2] the Court has not extended the deadline to join parties nor has Russell sought such modification. More importantly, Russell makes no showing of good cause to support his request to modify the scheduling order to join an additional plaintiff outside the deadline. Neither his Motion nor his Reply include an argument for diligence.

Instead, Russell simply asserts that the scheduling order "is a dead letter." (Doc. 202 at 2.) Specifically, he notes that the Court "permitted joinder of additional defendants under Plaintiff's Third Amended Complaint," which was filed on July 18, 2019. (*Id.*) However, the Court merely granted leave for Russell to file a supplemental pleading under Rule 15(d) in order to restate his previously dismissed claims for injunctive and declaratory relief. (Doc. 165.) In its Report and

---

[2] This deadline was initially imposed in a previous scheduling order. (Doc. 75.) Numerous stipulated motions to modify the scheduling order have been submitted to and granted by the Court (Docs. 88, 94, 109, 118), but none have sought an extension of time to join parties. Accordingly, July 14, 2017 remains the operative deadline.

6

Recommendation (Doc. 150, *adopted* Doc. 161), and its subsequent clarifying Order (Doc. 165), the Court explained that Russell's claims for injunctive and declaratory relief had previously been dismissed upon Russell's release from prison, but because he had since been returned to DOC custody, he was allowed leave to supplement his Complaint to restate those claims. The addition of defendants Touchette and Arnell occurred incident to Russell's supplemental pleading and, despite Russell's representations to the contrary, the Court did not "permit[]" their joinder. In fact, as both Touchette and Arnell observe in their Answers to the Third Amended Complaint, the addition of Arnell as a defendant "appears to exceed the Court's granting of leave to supplement his prior complaint with allegations to support his claims for injunctive and declaratory relief." (Doc. 176 at 3, ¶ 6 (internal quotation marks omitted); Doc. 177 at 3, ¶ 6 (internal quotation marks omitted).)[3] Thus, the Court's previous decision to allow supplementation under Rule 15(d) has no bearing on the Court's present consideration of whether Russell has shown good cause to modify the scheduling order to permit him to join an additional party out of time.

Moreover, Russell's stated reason for seeking joinder of Mr. Hussein as a plaintiff is "to avoid any problem with mootness with respect to the declaratory and injunctive relief that could otherwise be afforded to prospective class members." (Doc. 183 at 1.) However, Russell has been on notice for months, if not years, that his potential release from prison would moot his claims for injunctive and

---

[3] Conversely, joinder of defendant Touchette is uncontroversial and unrelated to the instant issue. As Lisa Menard's successor as Commissioner of the DOC, he is automatically substituted as the defendant under Fed. R. Civ. P. 25(d).

7

declaratory relief.  Those claims had previously been dismissed as moot on March 23, 2017 due to his release from prison.  (Doc. 69.)  Upon his renewed custody, Russell sought to restate those claims on July 6, 2018 (Doc. 140), which he was granted leave to do on May 15, 2019 (Doc. 161).  Thus, Russell has been aware of the proffered basis and asserted need for his current motion since at least that date.  Yet he waited until October 16, 2019—the eve of his November 4, 2019 state court trial, which could have resulted in his release from prison again—to file the instant Motion to Join Additional Plaintiff to avoid mooting his claims for injunctive and declaratory relief.  Under these circumstances, Russell has failed to establish good cause to excuse his "failure to [seek joinder] earlier in the proceedings." *Werking*, 526 F. App'x at 96.

In addition to Russell's lack of diligence, other factors counsel against permitting joinder outside the time allotted in the scheduling order.  Discovery has been closed in this case for approximately two years.  (*See* Doc. 118.)  Although Russell argues that Defendants themselves have indicated a desire to reopen discovery, the email cited by Russell shows that Defendants have solely indicated an interest in re-deposing Russell (Doc. 183-2), which is quite a different matter than restarting the entire discovery process with a new plaintiff.  To the extent Russell contends that any further discovery would be limited because Mr. Hussein's claims are the same as Mr. Russell's, he ignores what this Court has repeatedly said about free-exercise-of-religion claims: it requires an "individualized inquiry" into each plaintiff's sincerely held religious beliefs and a determination of whether Defendants' actions substantially burdened each prisoner's beliefs.  (*See, e.g.*, Doc.

8

150 at 18–19, 74, 79, 83–84, *adopted* Doc. 161); *see also Salahuddin v. Goord*, 467 F.3d 263, 274–75 (2d Cir. 2006); *Ford v. McGinnis*, 352 F.3d 582, 590, 593–94 (2d Cir. 2003).  Although "the adverse party's burden of undertaking discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading," *United States v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1255 (2d Cir. 1989), given the other circumstances preceding Russell's Motion, this factor weighs against granting Russell leave to join another plaintiff at this late stage.

Furthermore, this action has been pending for four and a half years.  Joinder of an additional plaintiff would further delay resolution of the case.  *See Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir. 1970) (finding that denying permissive joinder after more than four years of litigation was within district court's discretion).  Accordingly, Russell has not demonstrated good cause under Rule 16(b) to join Mr. Hussein as a plaintiff after expiration of the deadline set forth in the scheduling order.  *See Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir. 1998) (affirming finding of prejudice where the "case was near resolution and discovery had been completed"); *Benefitvision Inc. v. Gentiva Health Servs., Inc.*, No. CV 09–473(DRH)(AKT), 2015 WL 1034543, at *14 (E.D.N.Y. Feb. 9, 2015) ("Here, after numerous extensions of the discovery deadlines, the closure of discovery and the adjudication of two summary judgment motions, it is time for this case to move forward to trial.").

Even if Russell could establish good cause under Rule 16(b), he fails to meet the requirements of Rule 20 governing the permissive joinder of plaintiffs.  Federal Rule of Civil Procedure 20(a)(1) provides that persons may join together in a single

9

action as plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Under the first prong, the court must "determine whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 166 (S.D.N.Y. 2009) (internal quotation marks omitted). To satisfy the commonality requirement, there must be "substantial" overlap in questions of law or fact. *Wilson-Phillips v. Metro. Transp. Auth.*, 18-CV-417 (VEC), 2018 WL 5981736, at *2 (S.D.N.Y. Nov. 14, 2018) (internal quotation marks omitted). "[B]oth criteria must be met for joinder to be proper." *Id.* (internal quotation marks omitted). Where appropriate, joinder of parties is encouraged "to promote judicial economy." *Viada v. Osaka Health Spa, Inc.*, 235 F.R.D. 55, 61 (S.D.N.Y. 2006) (internal quotation marks omitted). A decision on the question of joinder lies within the broad discretion of the Court. *See Puricelli v. CNA Ins. Co.*, 185 F.R.D. 139, 142 (N.D.N.Y. 1999).

Here, Russell's Motion includes no discussion of the Rule 20(a) requirements. In his Reply, he baldly states that Mr. Hussein's claims are the same as his—namely, that the DOC's prepackaged kosher meal policy substantially burdens their right to the free exercise of religion—but offers no further argument regarding Rule 20(a)'s criteria for permissive joinder. (Doc. 202 at 2.) Insofar as Russell attempts to argue that the existence of the DOC policy satisfies the transactional relatedness

requirement, his argument is unpersuasive. While a policy or practice may sometimes be sufficient, *see Tardd v. Brookhaven Nat'l Lab.*, No. 04 CV 3262(ADS), 2007 WL 1423642, at *10 (E.D.N.Y. May 8, 2007) (collecting cases), the Court's inquiry must focus on the "essential facts of the various claims." *Deskovic*, 673 F. Supp. 2d at 166 (internal quotation marks omitted). And "[free-exercise-of-]religion claims are fact-specific to each plaintiff." *Curry v. California Dep't of Corr. & Rehab.*, No. C 09–3408 MHP (pr), 2011 WL 855828, at *1 (N.D. Ca. Mar. 9, 2011) (finding Rule 20 requirements not satisfied, stating "any claim that depends on the sincerity of one's belief's . . . are individual to the plaintiff"). Russell and Mr. Hussein will each have to show that he had a sincerely held religious belief and that Defendants' actions substantially burdened that belief. *See Salahuddin*, 467 F.3d at 274–75; *Ford*, 352 F.3d at 590, 593–94. Each of their claims will therefore require a separate, plaintiff-specific analysis. Thus, their claims "are not so 'logically connected' that they constitute the same transaction or occurrence under Rule 20." *Wilson-Phillips*, 2018 WL 5981736, at *3 (internal quotation marks omitted) (finding no transactional relatedness in race and sex discrimination case because "the anti-discrimination laws require a case-by-case analysis of the circumstances giving rise to a claim of discrimination").

With regard to the commonality requirement, there is not "substantial" overlap in questions of law or fact for similar reasons. *Id.* at *2. To determine the sincerity of each plaintiff's belief, the inquiry will inherently delve into his subjective beliefs, which by definition cannot be proved with common evidence. *Ford*, 352 F.3d at 590. Likewise, deciding the "substantial burden" question will

11

require individualized consideration of how burdensome Defendants' actions are on *each particular plaintiff's* belief. *Id*. at 593–94. Accordingly, the claims asserted by Russell and Mr. Hussein present few, if any, common questions of law or fact. Because the requirements of Rule 20(a) have not been met and joinder would not serve judicial economy, permissive joinder under Rule 20(a) is not appropriate.

## Conclusion

For these reasons, I recommend that Russell's Motion to Join Additional Plaintiff (Doc. 183) be DENIED.

Dated at Burlington, in the District of Vermont, this 27th day of February 2020.

/s/ John M. Conroy          .
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).